James B. Montgomery *vs.* A. H. Manning and Frank Hawk, Partners, etc.

In this case, the summons not having been published for the time required by the order of publication, and there being no evidence that a copy had been mailed to defendant, as by the order required, and the defendant having been defaulted before the time for answering had expired, it was held no jurisdiction was obtained of defendant, and the judgment rendered against him was void.

Error to Third Judicial District holding terms at Steilacoom.

*H. T. Bingham*, for plaintiff in error.

*David P. Jenkins* and *Irving Ballard*, for defendant in error.

Preliminary to the hearing on the merits, it was urged that a motion to dismiss should be sustained in this cause, (the suing out of a writ of error being the institution of a new action) because the christian names of the parties had not been set out in the precipe, and notice and return of service thereon; also because of defective service of notice.

The court, however, held that under our code the taking of a writ of error is not the beginning of a new suit, but a subsequent proceeding in the original action, and that a description of parties, conforming to that given in the court below, is sufficient.

As to defendant, Hawk, the writ of error was dismissed in conformity to the ruling made in case of *Waterman & Katz vs. Phinney, infra.*

Opinion by Greene, Associate Justice.

Several errors are assigned in this case, but the decision of

the court is based upon the first and second, which are assigned in the precipe as follows :

1. The court erred in allowing a default to be entered in said action, because a copy of the complaint and summons was not mailed to the defendant and because service of summons by publication was not complete.

2. The court erred in rendering judgment in said action, because, at the date of rendering said judgment, service of summons by publication was not complete, etc., etc.

The record shows that service of summons was ordered by publication for six weeks and by mailing a copy to defendant, Montgomery; that summons was published from November 27, 1873, to December 25, 1873, as shown by the affidavit of the publisher. No other proof of publication, and no evidence of mailing a copy of the complaint and summons to Montgomery appear.

On the 12th day of January, A. D., 1874, sixteen days before the defendant could, under any construction of the Practice Act, even had service been made by mailing and full publication, have been required to answer, his default was entered and judgment was rendered against him.

In this case there was no good service of the defendant, the court had acquired no jurisdiction of his person, and the judgment rendered was void and must be reversed.